UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL ANGELO ESPARZA,      Case No. 3:23-cv-00784-MC

    Plaintiff,     OPINION AND ORDER

  v.

NANCY BOBS, M. PUNZO, and
SHANNON SOLDATI,

    Defendants.

_____

MCSHANE, Chief Judge.

    Plaintiff, an adult in custody (AIC) at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), brings this civil rights action and alleges claims of excessive force, failure to protect, and inadequate medical care. Defendants now move for dismissal on grounds that Plaintiff's claims are not cognizable under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Alternatively, Defendants move for summary judgment on grounds that Plaintiff failed to exhaust administrative remedies and cannot sustain a claim for relief.

1 –    OPINION AND ORDER

DISCUSSION

Plaintiff alleges that on August 1, 2022, FCI Sheridan officers "raided" an FCI Sheridan Camp Building at Defendant Bobs' direction, threw Plaintiff from his bunk, and physically assaulted him. Compl. at 4. Plaintiff maintains that he was cooperating with officers' demands and did not provoke the assault. Plaintiff further alleges that another FCI Sheridan officer fondled his penis and testicles while conducting a pat down search, and that Defendants Soldati and Punzo denied him medical treatment and refused to report the sexual assault. *Id.* Plaintiff asserts *Bivens* claims of excessive force, failure to protect, and failure to provide medical treatment and seeks $1,000,000 in damages.

Defendants move for dismissal or, alternatively, for summary judgment on grounds that Plaintiff's claims are not cognizable under *Bivens* and that Plaintiff failed to exhaust his administrative remedies. Defendants also argue that Plaintiff cannot sustain his claims and that they are entitled to qualified immunity.

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional right" to be free from unreasonable searches and seizures under the Fourth Amendment. *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (per curiam) (citation omitted); *see also Bivens*, 403 U.S. at 389-90. The Supreme Court has recognized a *Bivens* remedy in only two other contexts: a Fifth Amendment Due Process claim brought by a congressional staff member alleging sex discrimination, and an Eighth Amendment claim brought by a federal AIC alleging the failure to treat serious medical needs. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has repeatedly refused to extend *Bivens* beyond these three contexts and has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial

2 –     OPINION AND ORDER

activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); *see also Egbert v. Boule*, 596 U.S. 482 (2022).

If a *Bivens* remedy is sought, the district court must first "ask whether the case presents 'a new *Bivens* context' – i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 594 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 139). If so, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136). This two-step inquiry "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).

The Ninth Circuit recently held that a *Bivens* remedy is not available for claims alleging excessive force and failure to protect brought against Bureau of Prison (BOP) officials. *See Chambers v. C. Herrera*, 78 F.4th 1100 (9th Cir. 2023). The Ninth Circuit found that these claims differ in meaningful ways from the Supreme Court cases that authorized *Bivens* remedies and found good reasons not to extend *Bivens*. *Id.* at 1106-08. The court explained, "No case has extended *Bivens* to claims that BOP employees violated the Eighth Amendment by failing to protect an inmate from other staff members" and likewise found that a claim of excessive force "represents a new *Bivens* context." *Id.* at 1106-07. The Ninth Circuit concluded that "Congress is better suited than the Judiciary to construct a damages remedy," in part because the Prison Litigation Reform Act (PLRA) authorizes BOP "to structure grievance procedures" and provides a "remedial structure" that was available to the plaintiff. *Id.* at 1106-08.

3 –    OPINION AND ORDER

Like the claims raised in *Chambers*, Plaintiff's *Bivens* claims of excessive force and failure to protect arise in contexts different from those recognized by the Supreme Court, and, as in *Chambers*, Plaintiff had BOP administrative remedies available to him. Thus, Plaintiff cannot assert *Bivens* claims premised on the use of excessive force or the failure to protect.

Plaintiff's claims of inadequate medical care and sexual assault also fail to survive summary judgment. First, Plaintiff fails show that he exhausted available BOP administrative remedies as required by the PLRA. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (explaining that "federal prisoners suing under [*Bivens*] must first exhaust inmate grievance procedures"); *see also* 28 C.F.R. § 542.10 et seq. (setting forth procedures of the BOP administrative remedy program); *id*. § 115.51(a)-(d) (establishing channels to report sexual abuse or harassment of AICs). Defendants maintain that "Plaintiff has not filed any administrative remedies" regarding the alleged assaults, and Plaintiff presents no evidence to dispute this assertion. Brieschke Decl. ¶ 28 & Ex. 6.

Second, the evidence of record contradicts Plaintiff's allegations. *See* Brieschke Decl. & Exs. 3-5; Bobs Decl.; Punzo Decl.; Soldati Decl. (ECF Nos. 27-31). The record reflects that on August 1, 2022, medical providers examined Plaintiff and provided medical care for two abrasions on his arm. Brieschke Decl. ¶¶ 12, 15-17 & Exs. 4-5. Plaintiff stated that he "got hit" and reported a "headache, pain in left shoulder, middle back, face." *Id*. ¶ 18 & Ex. 4 at 1. Plaintiff denied any allegations of sexual misconduct. *Id*. at ¶¶ 20, 21 & Ex. 4 at 3. At a subsequent disciplinary hearing on August 10, 2022, Plaintiff asserted that BOP officers

4 –    OPINION AND ORDER

assaulted him without provocation and did not raise any claim or allegation of sexual assault. *See* Compl. at 8-11.

Plaintiff presents no evidence to dispute this record or to suggest that Defendants exhibited deliberate indifference to his health or safety by denying medical care or by covering up a sexual assault. *See Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Accordingly, no genuine issue of material fact precludes summary judgment on these claims.

## CONCLUSION

Plaintiff fails to state cognizable claims for excessive force and failure to protect under *Bivens* and he fails to present evidence to defeat summary judgment on his remaining claims. Accordingly, Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 26) is GRANTED, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 30th day of January 2025.

                                         s/Michael J. McShane
                                         MICHAEL J. MCSHANE
                                         United States District Judge